UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KOREY A. ALWOOD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:07-CV-422 PS |
| v. | ) | |
| | ) | |
| LT. REVETER, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

The Court granted Korey A. Alwood, a *pro se* prisoner, leave to proceed against the defendant, Lt. Reveter, a correctional officer, on claims that the defendant used excessive force in applying four-way restraints to the plaintiff in violation of the Eighth Amendment and then kept him in those restraints for more than four hours in violation of the Fourteenth Amendment. [Opinion and Order, DE 10]. Lt. Reveter moves for summary judgment on the grounds that Alwood did not exhaust his administrative remedies as 42 U.S.C. §1997e(a) requires. [Motion for Summary Judgment, DE 26].

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001). Pursuant to N.D. Ind. L. R. 56.1(e), the defendant notified Alwood of the consequences of failing to respond to the summary judgment motion. The deadline for the plaintiff's response passed on February 9, 2009. [Notice, DE 28]. To date, he has not filed a response to the

defendant's motion.

Prisoners complaining about prison conditions must first exhaust their administrative remedies before bringing the claim to federal court. The pertinent statute, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Accordingly, this statute requires that Alwood utilize whatever administrative grievance system is available to him before he can file a lawsuit in federal court and applies individually to each of Alwood's claims. *See Woodford v. Ngo*, 548 U.S. 81, 84-85, 90-92 (2006); *Kaba v. Stepp*, 458 F.3d 678, 683-84 (7th Cir.2006); and *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir.2002). Failure to exhaust administrative remedies under §1997e(a) is an affirmative defense that the defendant must plead and prove. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

The incident giving rise to Alwood's complaint allegedly occurred at the Westville Correctional Facility. The undisputed facts established by Grievance Specialist Cindy Estes's affidavit show that a multi-level grievance process was in place when Alwood's claims arose. Actions involving an individual staff member can be the subject of a grievance. Estes maintains records that would indicate "when an offender has filed a grievance, the response he received, how far through the grievance process he pursued those claims, and the ultimate resolution of those claims." [Affidavit of Cindy Estes, DE 26-2 at 1-2, ¶¶ 4-5, 7-8, 13]. Her review of the file relating to Alwood disclosed that, while he was at Westville, he filed several grievances relating to various matters. However, there was no record that Alwood submitted a formal written grievance regarding Lt. Reveter's excessive use of force or improper use of four-way restraints.

2

Because of the absence of any record that Alwood filed a grievance against Lt. Reveter, Estes concluded that he did not use the facility's administrative complaint process.(Id. at 3-4, ¶¶ 134, 18, 21).

Alwood has not presented an affidavit or other evidence refuting Lt. Reveter's evidence that no grievance was filed relating to this case. Nor has Alwood presented any evidence that the facility prevented him from filing a grievance about the events underlying this action. In fact, as noted above, he did not respond to Lt. Reveter's motion at all. It is clear that Alwood knew about the grievance process as the record shows he filed several grievances while he was at the jail.

Defendant's unchallenged submissions reveal that the plaintiff did not exhaust his administrative remedies as 42 U.S.C. §1997e(a) requires. Under the circumstances, because no material facts are in dispute, the defendant has established his right to judgment, as a matter of law. And because the failure to exhaust in this case was Alwood's fault, this case must come to an end. *See Pavey v. Conley*, 544 F.3d 739, 744 (7th Cir. 2008).

Therefore, the court:

1. **GRANTS** the motion for summary judgment [DE 27]; and

2. **DIRECTS** the Clerk to enter judgment in defendant's favor and against the plaintiff.

**SO ORDERED**.

**ENTERED**: June 29, 2009.     /s Philip P. Simon
                                PHILIP P. SIMON, JUDGE
                                UNITED STATES DISTRICT COURT